**UNITED STATES COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No.: 19-cv-80968**

PATRICK GLOVER,

      Plaintiff,

vs.

PALM BEACH STATE COLLEGE

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, PATRICK GLOVER by and through his undersigned attorneys and files this action against Defendant, PALM BEACH STATE COLLEGE, and alleges:

## NATURE OF THE ACTION

1.    This is an action for damages arising from discriminatory practices in violation of 42 U.S.C. § 2000d, and  42 U.S.C. § 2000e–2(a)(1)..

## PARTIES

2.    Plaintiff, Patrick Glover, is an African American male.

3.    Plaintiff earned a Master's degree in Business Administration ("MBA"), and at times material hereto, was working as an adjunct professor at Palm Beach State University, formerly knowing as Palm Beach State College ("PBSC").

4.    Defendant, PBSC, is an educational institution in Palm Beach County, Florida, part of Florida's college system, and is a recipient of federally funded programs.

## JURISDICTION

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

6.     At all times material hereto, Plaintiff started working at PBSC with the Upward Bound Program and Corporate and Continuing Education. Thereafter, Plaintiff became a part-time adjunct professor at PBSC.

7.     PBSC utilizes a website where it lists open job opportunities for a short period-of-time within the college for employees and others to apply. Upon information and belief, there is a "culture" within PBSC where certain individuals communicate orally with Human Resources their preferences as to who they want for a position, and thereafter, the "vetting" and "hiring" process is completed.

8.     In response to open job opportunities, Plaintiff applied to a minimum of 79 job opportunities, yet Plaintiff was not offered a single job interview. A number of these "open" positions applied for by Plaintiff would have provided Plaintiff with a full-time position within PBSC, and certainly, a substantial increase in his income.

9.     At all times material hereto, Dr. Jean Whibey ("Whibey") and Carrie Pasquale ("Pasquale") were, on behalf of PBSC, making decisions concerning the positions applied for by Plaintiff.  Both Whibey and Pasquale are Caucasians, and numerous positions applied for by Plaintiff were offered and given to Caucasians.

10.     Upon information and belief, the Caucasians who were offered interviews and the positions applied for by Plaintiff were less qualified than Plaintiff.

11.     Plaintiff was not given an opportunity and for the job openings solely due to him being an African American male.

12.     Plaintiff has satisfied all conditions precedent to the filing of this action, as Plaintiff obtained a right to sue letter from the U.S. Equal Employment Opportunity Commission on April 17, 2019, and is filing this action within the 90 day period provided in the Notice of Suit Rights.

## COUNT I- VIOLATION OF TITLE VI OF CIVIL RIGHTS ACT

13.     Plaintiff incorporates the allegations in paragraphs 2 through 12 as if fully set forth herein.

14.     Defendant is a recipient of monies from the Federal government that are paid for different program and scholarships that, upon information and belief,  help fund the positions applied for by Plaintiff.

15.     Defendant, as recipient of said financial aid from the Federal government is precluded from denying the benefits of, or discriminating against Plaintiff in violation of Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d.

16.     The Spending Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 1. "When Congress acts pursuant to its spending power, it generates legislation 'much in the nature of a contract: in return for federal funds, the States agree to comply with federally imposed conditions."

17.     A private cause of action exists in a suit against a State for violation of Title VI of the Civil Rights Act of 1964, where remedies at law are available to the same extent as would be available against any public or private entity other than a State.

18.     As the recipient of federally funded programs, Defendant, PBSC, is not permitted to discriminate on the basis of race.

19.     Plaintiff is a member of a protected class, i.e., African American.

20.     Plaintiff is qualified for the open positions he applied for, and was not given even an opportunity to interview.

21.     Plaintiff was not interviewed and not hired for any of the positions at issue, that he applied for with PBSC.

22.     In failing to provide Plaintiff an interview and a position, PBSC through its agents, i.e., Whibey and Pasquale, and thereafter based on their recommendation, the Human Resources department, extinguish any employment opportunity applied for by Plaintiff, and was treated less favorably than a similarly situated individuals outside of his protected class, here Caucasians.

23.     Upon information and belief, the disparities between Plaintiff's qualifications with a MBA, and those of other successful applicants, i.e., the Caucasians that were given interviews and offered positions, are of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the Plaintiff.

24.     As a proximate cause of Defendant's discriminatory practices, Plaintiff suffered damages, including loss of wages in the past and in the future.

25.     Plaintiff retained the services of the undersigned attorneys and is required to pay their attorneys' fees and costs.  Plaintiff is entitled to recover those fees and costs from Defendant pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, PATRICK GLOVER, requests the entry of a Judgment for damages, against Defendant, PALM BEACH STATE COLLEGE, including back pay, loss wages in the past and loss wages in the future, as well as attorneys' fees, taxable costs, and costs consistent with 42 U.S.C. § 1988, and all such other relief this court deems just and proper.  Plaintiff seeks a trial by jury on all issues so triable.

## COUNT II- VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT

26.    Plaintiff incorporates the allegations in paragraphs 2 through 12 as if fully set forth herein.

27.    Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e–2(a)(1).

28.    Plaintiff has been directly discriminated against, as Defendant, through two Caucasian employees, has ensured that Plaintiff, a qualified African American male, does not receive the same opportunity from the applied for open positions, as Caucasian employees.

29.    Plaintiff suffered an adverse employment action as he was not given the opportunity for interviews on the applied for positions, and was not hired for the applied-for positions that Plaintiff was a qualified candidate. Instead, Plaintiff  was replaced by a person outside his protected class, i.e., Caucasians, or was treated less favorably than a similarly-situated individual outside his protected class, i.e., a similarly situated Caucasian.

30.    In failing to provide Plaintiff an interview and a position, PBSC through its agents, i.e., Whibey and Pasquale, and thereafter based on their recommendation, the Human Resources department, extinguished any employment opportunity applied for by Plaintiff, who was treated less favorably than a similarly situated individuals outside of his protected class, here Caucasians.

31.    As a proximate cause of Defendant's discriminatory practices, Plaintiff suffered damages, including loss of wages in the past and in the future.

32.     Plaintiff retained the services of the undersigned attorneys and is required to pay their attorneys' fees and costs.  Plaintiff is entitled to recover those fees and costs from Defendant pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, PATRICK GLOVER, requests the entry of a Judgment for damages, against Defendant, PALM BEACH STATE COLLEGE, including back pay, loss wages in the past and loss wages in the future, as well as attorneys' fees, taxable costs, and costs consistent with 42 U.S.C. § 2000e-5(k), and all such other relief this court deems just and proper.  Plaintiff seeks a trial by jury on all issues so triable.

Respectfully Submitted on this 15th day of July, 2019.

Pike & Lustig, LLP
*/s/ Daniel Lustig*
Michael J. Pike
Florida Bar No.: 617296
Daniel Lustig
Florida Bar No.: 059225
1209 N. Olive Ave.
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
Email:  pleadings@pikelustig.com
*Counsel for Plaintiff*