# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80968-ROSENBERG/REINHART

PATRICK GLOVER,

    Plaintiff,

v.

THE DISTRICT BOARD OF TRUSTEES
OF THE PALM BEACH STATE COLLEGE,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint With Prejudice. DE 18. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 20], Defendant's Reply [DE 21], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss With Prejudice is granted in part and denied in part insofar as the Amended Complaint is dismissed without prejudice. Count I of the Amended Complaint is dismissed without prejudice and with leave to amend, and Count II of the Amended Complaint is dismissed without prejudice for failure to exhaust administrative remedies.

Plaintiff's Amended Complaint raises claims of violation of Title VI (Count I) and Title VII (Count II) of the Civil Rights Act. DE 16. Plaintiff alleges that, while working as a part-time adjunct professor for Defendant, he applied for "a minimum of 79 [full-time] job opportunities" for which he was qualified and "was not offered a single job interview." He states that he believes "that a number of Caucasian employees who received interviews and the

employment position[s] . . . were less qualified than" him. He contends that he was not considered for the positions "solely due to him being an African American male."

## I. Exhaustion

A plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before filing a Title VII action. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004); *see also Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (explaining that filing an administrative complaint with the EEOC is a "jurisdictional prerequisite" to bringing a Title VII action). A plaintiff's complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (quotation marks omitted).

A court may consider an EEOC charge that is attached to a motion to dismiss without converting the motion to a summary judgment motion where, as is the case here, the complaint refers to the EEOC action, EEOC exhaustion is central to the viability of the plaintiff's claim, and the authenticity of the EEOC charge is not in dispute. *See, e.g.*, *Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018); *Pierre v. Park Hotels & Resort, Inc.*, No. 17-CV-21955, 2017 WL 4408972, *1 n.2 (S.D. Fla. Oct. 4, 2017); *Pierre v. Miami-Dade Cty.*, No. 05-23291-CIV, 2006 WL 8433463, *2 n.2 (S.D. Fla. Apr. 5, 2006); *see also* DE 16 at 3.

Plaintiff alleges that his Title VII claim is exhausted and timely based on an EEOC right-to-sue letter dated April 17, 2019. DE 16 at 3. The EEOC issued that right-to-sue letter in a case that Plaintiff initiated by filing an EEOC charge in 2018. *See* DE 18-1 at 2, 4.

Plaintiff checked the "retaliation" box on his 2018 EEOC charge, did not check the "race" box, did not mention race, and stated that he believed that he was retaliated against. *See id.* at 4. He explained his claim as follows: "On May 29, 2018 I was denied a student

2

conduct coordinator position that I was well qualified for. I believe that I was retaliated against due to the discrimination charge I filed with both the local and federal agencies in August 2017." *Id.* Defendant contends that this EEOC charge did not encompass Plaintiff's racial discrimination claim in this case and that his Title VII claim therefore must be dismissed as unexhausted.

The Court agrees. Plaintiff's instant claim of being denied at least 79 job positions due to his race could not reasonably be expected to grow out of an investigation into his EEOC charge, in which he alleged retaliation by being denied a single job position due to filing a prior discrimination charge in 2017.[1] *Cf. Chanda*, 234 F.3d at 1225 (concluding that a plaintiff failed to exhaust his Title VII claim of national origin discrimination when his EEOC filing reflected only an intent to pursue a claim of retaliation for previously complaining about discrimination). Thus, Plaintiff's Title VII claim must be dismissed without prejudice for failure to exhaust administrative remedies. *See Grier v. Sec'y of Army*, 799 F.2d 721, 724-25 (11th Cir. 1986) (stating that an unexhausted Title VII claim is properly dismissed without prejudice to be first raised to the EEOC and that, even if filing an EEOC charge would now be untimely, the plaintiff may argue tolling to the EEOC). The Court next turns to Plaintiff's Title VI claim, for which exhaustion is not a prerequisite. *See Doe v. Garrett*, 903 F.2d 1455, 1460 (11th Cir. 1990) (stating that "it is established, as a general matter, that Title VI . . . does not incorporate Title VII's requirement of exhaustion of administrative remedies").

---

[1] The factual basis for the 2017 charge is unclear. In any event, Plaintiff does not rely on the 2017 charge as the condition precedent to bringing the instant Title VII claim and does not allege that this case is timely brought from any EEOC resolution of the 2017 charge. *See* DE 16 at 3.

## II. Pleading

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a threadbare or formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A court ruling on a motion to dismiss accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor. *West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017).

Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI prohibits discrimination by an employer only if the employer receives federal financial assistance for the primary purpose of providing employment. *Jones v. Metro. Atlanta Rapid Transit Auth.*, 681 F.2d 1376, 1378 (11th Cir. 1982) (citing 42 U.S.C. § 2000d-3); *see also Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 632 n.13 (1984) (noting that the purpose of Title VI is to ensure that federal funds are not used to support racial discrimination and that it is unnecessary to extend Title VI to generally ban employment discrimination, which is

comprehensively regulated under Title VII). Title VI authorizes a private cause of action for victims of prohibited discrimination. *Cannon v. Univ. of Chi.*, 441 U.S. 677, 703 (1979).

The elements of a *prima facie* case of discrimination under Title VI and Title VII are the same, and courts regularly use Title VII caselaw to analyze Title VI claims. *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir. 2007); *see also Ga. State Conference of Branches of NAACP v. State of Ga.*, 775 F.2d 1403, 1417 (11th Cir. 1985); *Sirpal v. Univ. of Miami*, No. 09-22662-CIV, 2011 WL 3101791, *8 (S.D. Fla. July 25, 2011) ("Title VI claims are analyzed in the same manner as claims brought under Title VII."). In a failure-to-hire case, a plaintiff establishes a *prima facie* case of discrimination by showing that (1) he was a member of a protected class, (2) he was qualified for and applied for a position for which the employer was accepting applications, (3) he was not hired despite his qualifications, and (4) the position was filled by a person outside of the plaintiff's protected class. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002). A complaint must provide enough factual matter to plausibly suggest intentional discrimination. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). A plaintiff pleading a Title VI claim must additionally allege that the employer receives federal funds for the primary purpose of providing employment. *Russell v. Pub. Health Tr. of Miami-Dade Cty.*, No. 08-23442-CIV, 2009 WL 936662, *6 (S.D. Fla. Apr. 6, 2009) (collecting caselaw and dismissing without prejudice a Title VI claim when the plaintiff's sole allegation with respect to federal funding was that the employer was supported by federal money).

Plaintiff's pleading of his Title VI claim is deficient in several respects. First, he has not identified the job positions for which he applied. He alleges in the Amended Complaint that he "applied to a minimum of 79 job opportunities" and attaches copies of online employment

listings that include more than 90 positions. *See* DE 16 at 2; DE 16-1. It is unclear whether all of the positions in these employment listings are at issue in this case.

Second, Plaintiff's allegation that he was qualified for all of the positions for which he applied is conclusory. He must allege the qualifications for each position and that he fulfilled those qualifications. *See Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 811 (11th Cir. 2015) ("Pouyeh failed to provide sufficient factual matter to show he was qualified for the position. He alleged in conclusory fashion he was qualified . . . but he did not allege the specific qualifications necessary for resident physicians at Bascom Palmer or that he had fulfilled them. Pouyeh's allegation he was qualified for the position amounts to a threadbare recital of an element of his Title VII claim, which the district judge was not obligated to accept as true." (citation omitted)).

Third, Plaintiff has not alleged facts to plausibly suggest discrimination with respect to each position at issue because he has not alleged that each position was filled by a person outside of his protected class. He alleges only that "a number of Caucasian employees" received positions for which he applied. *See* DE 16 at 3.

Fourth, Plaintiff has not alleged that Defendant receives federal financial assistance for the primary purpose of providing employment. His allegation that Defendant receives federal funds that are used, in part, to pay personnel costs is insufficient to state a plausible Title VI claim. *See Russell*, 2009 WL 936662, *6.

For these reasons, the Amended Complaint fails to state a plausible Title VI claim.[2] In addition, the Amended Complaint is a shotgun pleading because it comingles multiple alleged

---

[2] Defendant also contends that the statute of limitations bars any Title VI claims that occurred more than four years before Plaintiff filed the Complaint in this case. The Amended Complaint does not include facts to indicate when the alleged violations occurred and, thus, it is not apparent from the face of the Amended Complaint that any of

Title VI violations under Count I. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (stating that one type of shotgun pleading is a pleading that does not separate into different counts each cause of action or claim for relief); *see also* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."). Each alleged instance of failure to hire constituting a Title VI violation must be pled in a separate count. Although Defendant asks that the Amended Complaint be dismissed with prejudice, the Court concludes that it is appropriate to give Plaintiff one final opportunity to plead plausible Title VI claims.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss the Amended Complaint With Prejudice [DE 18] is **GRANTED IN PART AND DENIED IN PART**.

2. Count I of the Amended Complaint [DE 16] is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

3. Count II of the Amended Complaint [DE 16] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

4. Plaintiff shall file a Second Amended Complaint repleading his Title VI claims by no later than **December 9, 2019**. Plaintiff's failure to file a Second Amended Complaint by December 9 may result in the dismissal of this case without further notice. Alternatively, to the extent that Plaintiff wishes to dismiss this case in its entirety to first exhaust his Title VII claims, he shall **promptly** file a Notice of Dismissal.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of November, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

---

Plaintiff's claims are time-barred. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (explaining that "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred").