UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 19-cv-80968

PATRICK GLOVER,

    Plaintiff,

vs.

THE DISTRICT OF TRUSTEES
OF PALM BEACH STATE COLLEGE

    Defendant.
_____/

**SECOND COMPLAINT AND DEMAND FOR JURY TRIAL**

    COMES NOW, Plaintiff, PATRICK GLOVER by and through his undersigned attorneys and files this action against Defendant, THE DISTRICT OF TRUSTEES OF PALM BEACH STATE COLLEGE, and alleges:

**NATURE OF THE ACTION**

    1.    This is an action for damages arising from discriminatory practices in violation of 42 U.S.C. § 2000d, and 42 U.S.C. § 2000e–2(a)(1)..

**PARTIES**

    2.    Plaintiff, Patrick Glover, is an African American male.

    3.    Plaintiff earned a Master's degree in Business Administration ("MBA"), and at times material hereto, was working as an adjunct professor at Palm Beach State College ("PBSC") since June of 2013.

    4.    Defendant, PBSC, is an educational institution in Palm Beach County, Florida, part of Florida's college system, and is a recipient of federally funded programs. Plaintiff's MBA is a

qualifier for positions in PBSC. This is especially true given that a number of positions in PBSC require a minimum of a Bachelor's degree and other positions require a Master's degree.

5. On August 16, 2017, Glover filed a Charge of Discrimination with the Palm Beach County Office of Equal Opportunity under charge number 15M-2017-00112.  Glover marked the Race, Retaliation and Sex boxes in the form provided by the EEOC.  In his charge, Glover detailed as follows:

> I believed that I have been discriminated against because of my sex (male) and my race (African American) a violation of Article VI, Sections 2-261 thru 2-313 Palm Beach County Code (Palm Beach County Equal Employment ordinance), Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act of 1992, as amended, for the following reasons:
>
>> I have worked for the employer named above as an Adjunct Instructor since 2013.
>>
>> Throughout the course of my employment, I was subjected to disparate treatment regarding promotional opportunities that I was well qualified for; excluded from supplies and information pertinent to my job and lesser work hours. White and or females employees are treated more favorably.
>>
>> On June 27, 2017 I informed my employer regarding the terms and conditions that were different from those applied to my White and or female employees.  No actions were taken.
>> On July 18, 2017 my employer informed me that an investigation was being conducted against me.
>> Although I have not received any disciplinary actions or complaints against me, I believe I have been retaliated against because I complained about the discrimination based on my race (African American) and my sex (male).
>
> See **Exhibit 1.**

6. On June 29, 2018,  Glover filed a second charge of discrimination with eh Palm Beach County Office of Equal Opportunity.  This time, Glover marked the "Retaliation" box, and stated that:

>  On May 29, 2018 I was denied a student conduct coordinator position that I was well qualified for.  I believe that was retailed against due to the discrimination charge filed with both the local and federal agencies in August 2017. (EEOC case number 15M-2017-00112, FEPA case number 1700297).   See Charge attached as **Exhibit 2**.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

8. At all times material hereto, Plaintiff started working at PBSC with the Upward Bound Program and Corporate and Continuing Education. "Upward Bound at Palm Beach State College is a year-round, college preparatory program for students who attend John I. Leonard, Palm Beach Lakes and Lake Worth high schools. It provides tutoring and other support to help students succeed academically in high school and prepare for success in college. Students typically are recruited in the 9th grade, and they are encouraged to remain in the program until they graduate from high school." https://www.palmbeachstate.edu/student-development/TRiO/ub.aspx. Thereafter, Plaintiff became a part-time adjunct professor at PBSC.

9. PBSC utilizes a website where it lists open job opportunities for a short period-of-time within the college for employees and others to apply. Upon information and belief, there is a "culture" within PBSC where certain individuals communicate orally with Human Resources their preferences as to who they want for a position, and thereafter, the "vetting" and "hiring" process is completed.

10. In response to open job opportunities, as detailed in Exhibit 1, Plaintiff applied to a minimum of 79 job opportunities, yet Plaintiff was not offered a single job interview. A number of these "open" positions applied for by Plaintiff would have provided Plaintiff with a full-time position within PBSC, and certainly, a substantial increase in his income. Notably, this was one of the basis of the first charge of discrimination and retaliation discussed in Exhibit 1.

11. As detailed in the Second Charge filed with the EEOC (Exhibit 2), Glover applied for the Student Conduct Coordinator. The qualifications for that job were as follows:

| Student Conduct Coordinator- Qualifications | Patrick Glover Qualifications |
| --- | --- |
| Bachelor's degree required, Master's degree preferred. Incident Strong Analytical skills. | Had a Master's Degree in Business Administration at the time of application. Taught digital analytics at the time of the application to this position. Obtained a Professional Educator's certificate from the State of Florida in 2017. Experience in Cooperative learning, problem-solving skills, critical-thinking skills, classroom management, collaboration techniques for working with families, guidance and counseling. |
| Minimum of four years related experience. Experience working with at risk population. Investigation skills. Conflict resolution skills. | School District of Palm Beach County, Worked with at risk students, including working with students that had conduct/ELL disabilities in at risk and poverty stricken neighborhoods for more than four years. Palm Beach Community College- Head resident of upper bound program where students are shown transition from high school to college. There is a residential phase and campus phase for at-risk students, and there, students guided to adapt to college and demonstrate conduct that is expected and required by the college. Investigation experience, which includes as part of experience following up on leads with parents and friends of students to determine outside factors that would affect student's conduct. Conflict Resolution Skills- Completed conflict trainings and had on the job training in resolving conflict that would arise based on the population Glover worked with, i.e., at risk students. |
| Knowledge of effective case management techniques. | Qualified, given experience in handling circumstances related to specific student, and documenting base line conduct, evaluations and improvement of students throughout his observations. |

| Microsoft Word, Microsoft Excel, Maxient or similar software. | Qualified. Has been teaching digital analytics and taught how to utilize the software discussed as part of the qualifications for this position prior to applying for the position. |
|---|---|
| Valid Florida Driver's license | Yes, has a Florida Driver's License. |

12. At all times material hereto, Dr. Jean Whibey ("Whibey") and Carrie Pasquale ("Pasquale") were, on behalf of PBSC, making decisions concerning the positions applied for by Plaintiff. Both Whibey and Pasquale are Caucasians, and numerous positions applied for by Plaintiff were offered and given to Caucasians. Moreover, Glover was more than qualified for the Student Conduct Coordinator position, and yet, was not even offered an interview for that position. See chart in paragraph 11.

13. Upon information and belief, individuals that were not black males were hired for the positions applied for by Glover, and more specifically, for the Student Conduct Coordinator position. Further, given the charge filed with the EEOC, and attached as Exhibit 1, Glover was simply cut from any opportunity to obtain a 40-hour full-time position, and more specifically, the Student Conduct Coordinator Position that he had applied for, and was completely qualified to obtain.

14. Plaintiff has satisfied all conditions precedent to the filing of this action, as Plaintiff obtained a right to sue letter from the U.S. Equal Employment Opportunity Commission on April 17, 2019, and is filing this action was filed within the 90 day period provided in the Notice of Suit Rights.

## COUNT I- VIOLATION OF TITLE VI OF CIVIL RIGHTS ACT

15. Plaintiff incorporates the allegations in paragraphs 2 through 14 as if fully set forth herein.

16. Defendant is a recipient of monies from the Federal government that are paid for different program and scholarships that, upon information and belief, are provided for the primary purpose of employing faculty and staff at PBSC to teach courses and implement programs.

17. Defendant, as recipient of said financial aid from the Federal government is precluded from denying the benefits of, or discriminating against Plaintiff in violation of Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d.

18. The Spending Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 1. "When Congress acts pursuant to its spending power, it generates legislation 'much in the nature of a contract: in return for federal funds, the States agree to comply with federally imposed conditions."

19. A private cause of action exists in a suit against a State for violation of Title VI of the Civil Rights Act of 1964, where remedies at law are available to the same extent as would be available against any public or private entity other than a State.

20. As the recipient of federally funded programs, Defendant, PBSC, is not permitted to discriminate on the basis of race.

21. Plaintiff is a member of a protected class, i.e., African American.

22. Plaintiff was qualified for, as detailed in the chart contained in paragraph 11, for the position of Student Conduct Coordinator. This position, among other things, required Glover to ensure that **due process** was being followed for students, to oversee and manage the responses from PBSC to student of concern, handle matters involving students accused of conduct violations and **U.S. Title IX concerns**. It is Plaintiffs position that given the types of responsibilities, including matters related to overseeing certain due process related concerns and U.S. Title IX concerns, federal funding is believed to be utilized to fund this position.

23. Glover was more than qualified to handle the above mentioned tasks and duties given his vast experience in working for over four years, since the date of the application, with students of both genders, that were members of at risk populations and joined the college with a background of domestic violence, drug history, and often times issues involving allegations of commission of crimes in the past, and/or involving family members of those students.

24. Plaintiff was not interviewed, and not hired for the position at issue. In failing to provide Plaintiff an interview and a position, PBSC through its agents, i.e., Whibey and Pasquale, and thereafter based on their recommendation, the Human Resources department, extinguished the employment opportunity applied for by Plaintiff, who was treated less favorably than a similarly situated individual outside of his protected class. In this case, the position, upon information and belief was given to a person that is not an African American male.

25. Upon information and belief, the disparities between Plaintiff's qualifications with a MBA, and that of the current job holder, i.e., a non-African American male with a Bachelors of Science in Supervision from Palm Beach State College, was not only given an interview, but offered the position. Based on Glover's qualifications, and experience, it is of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over Glover.

26. As a proximate cause of Defendant's discriminatory practices, Plaintiff suffered damages, including loss of wages in the past and in the future.

27. Plaintiff retained the services of the undersigned attorneys and is required to pay their attorneys' fees and costs. Plaintiff is entitled to recover those fees and costs from Defendant pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, PATRICK GLOVER, requests the entry of a Judgment for damages, against Defendant, PALM BEACH STATE COLLEGE, including back pay, loss wages in the past and loss wages in the future, as well as attorneys' fees, taxable costs, and costs consistent with 42 U.S.C. § 1988, and all such other relief this court deems just and proper. Plaintiff seeks a trial by jury on all issues so triable.

## COUNT II- RETALIATION

28. Plaintiff incorporates the allegations in paragraphs 2 through 14 as if fully set forth herein.

29. Glover suffered an adverse employment decision based on the Charge filed with the EEOC as detailed in Exhibit 1. Specifically, prior to applying for the Student Conduct Coordinator position, Glover filed a charge with the EEOC making the following statements:

> Throughout the course of my employment, I was subjected to disparate treatment regarding promotional opportunities that I was well qualified for; excluded from supplies and information pertinent to my job and lesser work hours. White and or females employees are treated more favorably.
>
> On June 27, 2017 I informed my employer regarding the terms and conditions that were different from those applied to my White and or female employees. No actions were taken. On July 18, 2017 my employer informed me that an investigation was being conducted against me.
> Although I have not received any disciplinary actions or complaints against me, I believe I have been retaliated against because I complained about the discrimination based on my race (African American) and my sex (male).

30. Given the actions complained of, which were discriminatory in nature, Glover exercised his statutory right to present a charge against PBSC with the EEOC. See Exhibit 1. On November 17, 2017, Glover sought the position of Student Conduct Coordinator, which was a full-time position, i.e., 40 hours per week, and fit the experience Glover had, both in academics, and work experience.

31. Glover suffered an adverse employment action, in that Glover was not given a chance to even interview for the position and was certainly, not given an opportunity to secure the position. The adverse action from PBSC was causally related to the protected expression, in that PBSC continued to limit the hours Glover worked at PBSC, and failed to provide Glover with the opportunity to obtain the position that he was qualified to obtain, solely based on his expression, and complaints of racial discrimination.

32. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e–2(a)(1).

33. Plaintiff suffered an adverse employment action due to his complaint of discrimination, and has been directly discriminated against, as Defendant, through two Caucasian employees, ensured that Plaintiff, a qualified African American male, does not receive the same opportunity for the Student Conduct Coordinator position.

34. This however is part of a pattern or practice exhibited by PBSC. Specifically, the Student Conduct Coordinator is one of several positions applied for by Plaintiff, where he was not even given an interview which thereafter resulted in the filing of the charge attached as Exhibit 1.

35. While Glover was qualified for the Student Conduct Coordinator position, he was not given the opportunity for interviews on the applied for position, and was not hired for the applied-for positions that Plaintiff was a qualified candidate. Instead, Glover was replaced by a person outside his protected class, or was treated less favorably than a similarly-situated individual outside his protected class.

36. The conduct exhibited by PBSC to essentially keep Glover away from receiving work from PBSC, not considering Glover for interviews and specifically for the interview of the Student Conduct Coordinator position constitutes retaliation on the part of PBSC as a result of the filing of the charge attached as Exhibit 1.

37. As a proximate cause of Defendant's discriminatory practices, Plaintiff suffered damages, including loss of wages in the past and in the future.

38. Plaintiff retained the services of the undersigned attorneys and is required to pay their attorneys' fees and costs. Plaintiff is entitled to recover those fees and costs from Defendant pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, PATRICK GLOVER, requests the entry of a Judgment for damages, against Defendant, PALM BEACH STATE COLLEGE, including back pay, loss wages in the past and loss wages in the future, as well as attorneys' fees, taxable costs, and costs consistent with 42 U.S.C. § 2000e-5(k), and all such other relief this court deems just and proper. Plaintiff seeks a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on December 9, 2019 a true and correct copy of the foregoing document has been sent via e-mail to all counsel of record.

**Pike & Lustig, LLP**

*/s/ Daniel Lustig*
Michael J. Pike
Florida Bar No.: 617296
Daniel Lustig
Florida Bar No.: 059225
1209 N. Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
pleadings@pikelustig.com

## SERVICE LIST

**Suzanne A. Singer, Esq.**
**David Acosta, Esq.**
**Rumberger, Kirk & Caldwell, P.A.**
ssinger@rumberger.com
dacosta@rumberger.com
**Attorneys for the Defendant**