UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80968-ROSENBERG/REINHART

PATRICK GLOVER,

    Plaintiff,

v.

THE DISTRICT OF TRUSTEES OF
PALM BEACH STATE COLLEGE,

    Defendant.
                                      /

## ORDER DENYING MOTION TO DISMISS
## SECOND AMENDED COMPLAINT WITH PREJUDICE

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint With Prejudice. DE 26. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 27], Defendant's Reply [DE 28], and the record and is otherwise fully advised in the premises. The Motion to Dismiss With Prejudice is denied for the reasons set forth below.

In the First Amended Complaint, Plaintiff raised racial discrimination claims under Title VI and Title VII of the Civil Rights Act. *See* DE 16. The Court dismissed without prejudice the Title VII claim for failure to exhaust administrative remedies before the Equal Employment Opportunity Commission ("EEOC"). DE 22 at 3, 7. The Court stated that exhaustion is not required for a Title VI claim. *Id.* at 3. However, the Court dismissed without prejudice, and with leave to amend, the Title VI claim for failure to state a claim on which relief could be granted. *Id.* at 5-7.

Plaintiff repleads his Title VI discrimination claim in Count I of the Second Amended Complaint.  DE 24 at 5-8.  He raises a retaliation claim under Title VII in Count II.  *Id.* at 8-10.  Defendant now moves for dismissal of both counts with prejudice.  DE 26.

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleading must contain more than labels, conclusions, a threadbare or formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement.  *Id.*  The factual allegations must be enough to raise a right to relief above the speculative level.  *Twombly*, 550 U.S. at 555.  A court ruling on a motion to dismiss accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor.  *West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017).

## I.   Count I – Racial Discrimination

Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  Title VI prohibits discrimination by an employer only if the employer receives federal financial assistance for the primary purpose of providing employment.  *Jones v. Metro. Atlanta Rapid Transit Auth.*, 681 F.2d 1376, 1378 (11th Cir. 1982) (citing 42 U.S.C. § 2000d-3); *see also Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 632 n.13 (1984) (noting that the purpose of

Title VI is to ensure that federal funds are not used to support racial discrimination and that it is unnecessary to extend Title VI to generally ban employment discrimination, which is comprehensively regulated under Title VII). Title VI authorizes a private cause of action for victims of prohibited discrimination. *Cannon v. Univ. of Chi.*, 441 U.S. 677, 703 (1979).

The elements of a *prima facie* case of discrimination under Title VI and Title VII are the same, and courts regularly use Title VII caselaw to analyze Title VI claims. *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir. 2007); *see also Ga. State Conference of Branches of NAACP v. State of Ga.*, 775 F.2d 1403, 1417 (11th Cir. 1985); *Sirpal v. Univ. of Miami*, No. 09-22662-CIV, 2011 WL 3101791, *8 (S.D. Fla. July 25, 2011) ("Title VI claims are analyzed in the same manner as claims brought under Title VII."). In a failure-to-hire case, a plaintiff establishes a *prima facie* case of discrimination by showing that (1) he was a member of a protected class, (2) he was qualified for and applied for a position for which the employer was accepting applications, (3) he was not hired despite his qualifications, and (4) the position was filled by a person outside of the plaintiff's protected class. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002). A complaint must provide enough factual matter to plausibly suggest intentional discrimination. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). A plaintiff pleading a Title VI claim must additionally allege that the employer receives federal funds for the primary purpose of providing employment. *Russell v. Pub. Health Tr. of Miami-Dade Cty.*, No. 08-23442-CIV, 2009 WL 936662, *6 (S.D. Fla. Apr. 6, 2009) (collecting caselaw and dismissing without prejudice a Title VI claim when the plaintiff's sole allegation with respect to federal funding was that the employer was supported by federal money).

Defendant argues that Plaintiff's pleading of his Title VI discrimination claim is deficient in two ways. First, Defendant contends that the Second Amended Complaint fails to state a claim of racial discrimination because Plaintiff does not identify the person or the race of the person hired for the position at issue, a student conduct coordinator position. In the Second Amended Complaint, Plaintiff states that he is black and alleges upon information and belief that an individual who is not black was hired as the student conduct coordinator. DE 24 ¶¶ 13, 21, 24-25. These allegations are sufficient to plausibly plead the fourth element of a *prima facie* case for a failure-to-hire claim. *See Joe's Stone Crabs*, 296 F.3d at 1273 (stating that the fourth element of a *prima facie* case is that the position was filled by a person outside of the plaintiff's protected class). Defendant has pointed to no controlling caselaw to the contrary.

Second, Defendant contends that the Second Amended Complaint fails to state a Title VI claim because Plaintiff does not plead that the primary purpose of any federal financial assistance that Defendant received was to provide for the employment of the student conduct coordinator. In the Second Amended Complaint, Plaintiff alleges that Defendant receives federal financial assistance that, upon information and belief, is "provided for the primary purpose of employing faculty and staff . . . to teach courses and implement programs." DE 24 ¶¶ 16, 17. These allegations are sufficient to plausibly plead the financial-assistance element of a Title VI claim. *See Jones*, 681 F.2d at 1378 (citing 42 U.S.C. § 2000d-3 for the proposition that, "in order to bring suit under Title VI, an employer must receive federal funds for purposes of providing employment"). Defendant has pointed to no controlling caselaw holding that, to plausibly plead a Title VI claim, it is necessary to allege that the primary purpose of federal financial assistance is to provide employment for the specific position at issue, as opposed to provide employment generally.

Thus, Defendant's arguments relating to Plaintiff's pleading of his Title VI discrimination claim are unavailing. Defendant's Motion to Dismiss Count I of the Second Amended Complaint is denied.

## II. Count II – Retaliation

A plaintiff must file a charge with the EEOC before filing a Title VII action. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004); *see also Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (explaining that filing an administrative complaint with the EEOC is a "jurisdictional prerequisite" to bringing a Title VII action). A plaintiff's complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (quotation marks omitted). The "scope of an EEOC complaint should not be strictly interpreted." *Id.* (quotation marks omitted).

A plaintiff to a Title VII action has 90 days from receipt of the EEOC's right-to-sue letter to file a complaint. 42 U.S.C. § 2000e-5(f)(1). When a plaintiff amends a complaint and the amended complaint is filed outside of the applicable statute of limitations, the amended complaint is timely only if the original complaint was timely and the amended complaint "relates back" to the original complaint. *Walker v. Fulton Cty. Sch. Dist.*, 624 F. App'x 683, 685-86 (11th Cir. 2015). An amended complaint relates back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see also Walker*, 624 F. App'x at 686 ("A critical issue in determining whether an amendment relates back to the original complaint is whether the original complaint gave the defendant notice of the claim asserted in the amendment.").

To establish a Title VII claim of retaliation, a plaintiff mush show that he engaged in statutorily protected activity, that he suffered a materially adverse action, and that there was some causal relation between the two events. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008). Statutorily protected activity is either the employee opposing an unlawful employment practice or the employee making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing connected to an EEOC charge. *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). The causation element of a retaliation claim requires "but-for causation," meaning "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

Defendant makes two arguments in support of its Motion to Dismiss Plaintiff's retaliation claim. First, Defendant contends that the claim is untimely because Plaintiff raised it for the first time in the Second Amended Complaint, filed on December 9, 2019, when the EEOC had issued the applicable right-to-sue letter on April 17, 2019. *See* DE 26-1 at 2 (EEOC right-to-sue letter for charge number 15M-2018-00113, issued on April 17, 2019); DE 24-2 at 2 (EEOC charge corresponding to charge number 15M-2018-00113, alleging retaliation by being denied a student conduct coordinator position for filing a prior EEOC charge). The parties dispute whether the retaliation claim relates back to the original Complaint and the First Amended Complaint, both of which raised Title VI and Title VII racial discrimination claims and did not raise retaliation claims.

The Court need not decide whether the retaliation claim relates back to a prior Complaint because the Court concludes that the retaliation claim is timely in light of a more recent right-to-sue letter issued on December 20, 2019. *See* DE 27-1 at 2 (EEOC right-to-sue letter for

6

charge number 15M-2017-00112, issued on December 20, 2019).  That more recent right-to-sue letter related to a charge in which Plaintiff alleged race and sex discrimination, as well as retaliation for complaining about race and sex discrimination.  *See* DE 24-1 at 2 (EEOC charge corresponding to charge number 15M-2017-00112).  Unlike the charge corresponding to charge number 15M-2018-00113, this charge did not specifically mention the student conduct coordinator position that Plaintiff puts at issue in his retaliation claim in the Second Amended Complaint.  However, an investigation into his retaliation claim—in which he alleges that he was not hired for the student conduct coordinator position because he previously had complained about discrimination—could reasonably be expected to grow out of an investigation into the charge corresponding to charge number 15M-2017-00112, in which he generally alleged retaliation for previously complaining about discrimination.  *See Gregory*, 355 F.3d at 1280 (stating that a plaintiff's complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" and that the "scope of an EEOC complaint should not be strictly interpreted" (quotation marks omitted)).  Thus, Plaintiff's retaliation claim is timely raised.

Second, Defendant contends that the Second Amended Complaint fails to state a Title VII retaliation claim because the allegations cannot establish that his EEOC charge was the "but-for cause" of not being hired as the student conduct coordinator approximately nine months later.  In the Second Amended Complaint, Plaintiff alleges that the two employees of Defendant responsible for making hiring decisions did not give him an opportunity to interview or be hired for the student conduct coordinator position "solely based on his expression and complaints of racial discrimination."  DE 24 ¶¶ 12, 31, 33.  Plaintiff further alleges that this incident of failure to hire is one "part of a pattern or practice" by Defendant that has led Plaintiff to complain about

discrimination and retaliation. *Id.* ¶ 34. Defendant is correct that the nine-month gap between Plaintiff filing his EEOC charge and the denial of the student conduct coordinator position is insufficient, standing alone, to establish causation. *See, e.g.*, *Henderson v. FedEx Express*, 442 F. App'x 502, 506 (11th Cir. 2011) ("Close temporal proximity between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated. If there is a delay of more than three months between the two events, then the temporal proximity is not close enough, and the plaintiff must offer some other evidence tending to show causation." (citation omitted)); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (stating that "mere temporal proximity, without more, must be very close" and that "in the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law" (quotation marks omitted)). Here, however, Plaintiff alleges that the incident concerning the student conduct coordinator position was merely one part of a pattern or practice of Defendant's retaliatory conduct toward him when making employment decisions. Defendant has pointed to no controlling caselaw indicating that evidence of a pattern or practice cannot provide the "other evidence" that, in addition to non-close temporal proximity, may establish causation. *Cf. Smart v. City of Miami Beach*, 1 F. Supp. 3d 1350, 1358 (S.D. Fla. 2014) (concluding that an allegation of a six-month gap between protected expression and retaliatory conduct, coupled with an allegation that a pattern of retaliation began earlier, was sufficient to plausibly plead the causation element of a Title VII retaliation claim). Defendant has pointed to no controlling caselaw indicating what more is required for Plaintiff to plausibly plead the causation element of his retaliation claim involving an allegation of a pattern or practice of retaliatory conduct. The

8

Court concludes that Plaintiff's allegations are sufficient to plausibly plead the causation element of his retaliation claim.

Thus, Defendant's arguments relating to Plaintiff's pleading of his Title VII retaliation claim are unavailing. Defendant's Motion to Dismiss Count II of the Second Amended Complaint is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint With Prejudice [DE 26] is **DENIED**. Defendant shall file an Answer to the Second Amended Complaint within ten days of the date of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of January, 2020.

*[signature: Robin L. Rosenberg]*

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE