UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-cv-80968-BER

PATRICK GLOVER,

    Plaintiff,

vs.

THE DISTRICT TRUSTEES OF PALM BEACH
STATE COLLEGE,

    Defendant.

_____

## ORDER SETTING TRIAL PROCEDURES
## AND PRETRIAL SCHEDULING ORDER

**THIS CAUSE** is before the Court by the parties' consent and an Order referring this case to the undersigned for all further proceedings.  DE 41, 42.  Pro Se Plaintiff and defense counsel having submitted a proposed scheduling order, it is hereby **ORDERED** that:

1.    **Trial:**  This case is set for a **jury trial before U.S. Magistrate Judge Bruce Reinhart, commencing at 9:30 a.m. on Monday, June 7, 2021,** at the U.S. District Court, 701 Clematis Street, West Palm Beach, Florida.  A Pre-trial Status Conference will be held at **2:00 p.m. on Wednesday, May 26, 2021**.  Plaintiff and defense counsel may appear telephonically for the pretrial conference by using the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#.

2.    **Pretrial Discovery and Conference:**  Pretrial discovery shall be conducted in accordance with S.D. Fla. L.R. 16.1 and 26.1, and the Federal Rules of Civil Procedure.  The parties shall also review and abide by this Court's Standing Discovery Order, which has been set forth by separate order.

1

3.      **Pretrial Stipulation:**  The parties must meet at least 45 days before trial to confer on the preparation of a Joint Pretrial Stipulation.  The Joint Pretrial Stipulation shall be filed by the date set forth below and shall conform to S.D. Fla. L.R. 16.1(e).  The Court will not accept unilateral pretrial stipulations, and will *sua sponte* strike any such submissions.  Should any of the parties fail to cooperate in preparing the Joint Pretrial Stipulation, all other parties shall file a certification with the Court stating the circumstances.  Upon receipt of such certification, the Court will issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt for failure to comply with the Court's order.

4.      **Proposed Voir Dire Questions, Jury Instructions, and Verdict Form:**  The parties shall prepare A SINGLE JOINT SET of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each instruction or question on the verdict form.  Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface.  Instructions and questions proposed only by the Plaintiff(s) to which the Defendant(s) object shall be italicized.  Instructions and questions proposed only by Defendant(s) to which Plaintiff(s) object shall be bold-faced.  Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit Pattern instructions clearly identified as such, must be supported by citations to authority.  In preparing the requested jury instructions, the parties shall use as a guide the Pattern Jury Instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein.  A copy of each side's proposed voir dire questions, as well as the joint jury instructions and verdict form shall be submitted to the Court via email (reinhart@flsd.uscourts.gov) in Word format.

5.      **Witness and Exhibit Lists:**  Counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits.  All exhibits shall be pre-labeled in accordance with the proposed exhibit list.  Exhibit labels must include the case number, the exhibit number, and the party offering the exhibit. The typewritten exhibit list shall set forth the exhibit number and description of each exhibit.  The exhibit list shall conform to the requirements of Form AO 187, which is available from the Clerk's office.  At the completion of the trial, the parties shall deliver to the Court a USB flash drive that contains digital copies of the exhibits admitted into evidence. The parties must also comply with Local Rule 5.3.

6.      **Extensions of Pretrial Deadlines and Motions to Continue Trial:**  Provided that all parties are in agreement, any pretrial deadline(s) *prior* to the deadline for the filing of dispositive motions may be modified without Court order by filing a joint notice indicating the new pretrial deadline(s) reached by agreement.  A motion need not be filed.  If the parties elect to modify deadlines by agreement, the parties should not anticipate that the Court will modify other deadlines.  Only when the parties are unable to agree on a modification of a pretrial deadline, should they file a motion with the Court. Any motion seeking to extend the dispositive motion deadline or trial date should set forth good cause and contain **detailed** information in support of the motion, including the amount, timing, and type of discovery that was undertaken in the case.

7.      **Motions for Summary Judgment and Statements of Material Facts:**  Local Rule 56.1(a) requires a motion for summary judgment (and opposition thereto) to be accompanied by a statement of material facts. Pursuant to Local Rule 56.1(a)(2), this statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court.  In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the

movant's material facts will be deemed admitted. Local Rule 56.1(b). The Court hereby orders the parties to file any statement of material facts as follows:

A statement of material facts shall be a separate filing from a motion for summary judgment or a response to a motion for summary judgment.

Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits. When a material fact requires evidentiary support, a **general citation to an exhibit, without a page number or pin cite, is not permitted**.

Each cited exhibit must be an attachment to the statement of material facts. By way of example, a statement of material facts may be filed in CM/ECF5 with attachments as follows:

| Document Number: 113 | | 8 pages | 206 kb |
|---|---|---|---|
| **Attachment** | **Description** | | |
| 1 | Exhibit A - Amended Complaint | 33 pages | 1.0 mb |
| 2 | Exhibit B - ▮▮▮ Answer to Amended Complaint | 5 pages | 105 kb |
| 3 | Exhibit C - ▮▮▮ Affidavit dated 7/28/15 | 27 pages | 4.4 mb |
| 4 | Exhibit D - Part 1 - ▮▮▮ Affidavit dated 6/10/15 | 11 pages | 292 kb |
| 5 | Exhibit D - Part 2 | 33 pages | 1.1 mb |
| 6 | Exhibit D - Part 3 | 17 pages | 0.6 mb |
| 7 | Exhibit D - Part 4 | 27 pages | 7.7 mb |
| 8 | Exhibit D - Part 5 | 25 pages | 4.1 mb |

A respondent's statement of material facts must specifically respond to each statement in the movant's statement of material facts. By way of example, if a movant's statement of material facts reads as follows:

1. Blackacre is owned by Movant. Exhibit B, ¶ 2.

2. Blackacre is currently under contract for sale. Exhibit C, pgs. 2-4.

A respondent's statement of material facts must clearly respond to each of the foregoing:

Paragraph 1: Undisputed

Paragraph 2: Disputed. The contract for sale was never executed. Exhibit A, ¶ 5.

After a respondent addresses each of a movant's statement of material facts (and all disputed facts should be supported by specific citations) as above, a respondent may provide additional statements of material fact in accordance with the requirements of this Order.

In the event a party fails to comply with the requirements delineated in this section, the Court may strike the deficient statement of material facts and require immediate compliance, grant an opposing party relief, or enter any other sanction that the Court deems appropriate.

8.  **Computers and Other Equipment:** Counsel desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use one week prior to the commencement of trial. The motion and proposed order should describe with specificity (1) the equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment. Counsel shall contact the courtroom deputy at least one week prior to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

## PRETRIAL SCHEDULING ORDER

The parties shall adhere to the following pretrial deadlines:

| Date | Deadline |
|---|---|
| 6/18/2020. | The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date, and place for mediation; and jointly file a proposed order scheduling mediation via CM/ECF in the form specified on the Court's website. |
| 10/5/2020. | Any motions to amend pleadings or to join parties are due. |
| 10/15/2020. | The plaintiff shall provide written list of all fact witnesses. |
| 11/4/2020. | The defendant shall provide written list of all fact witnesses. |
| 11/4/2020. | The plaintiff shall provide written list and summaries or reports of expert witnesses. |
| 11/25/2020. | The defendant shall provide written list and summaries or reports of expert witnesses. |
| 12/11/2020. | The parties shall exchange rebuttal expert witness summaries or reports. |
| 2/2/2021. | All discovery, including expert discovery, shall be completed. |
| 2/12/2021. | The parties must have completed mediation and filed a mediation report. |
| 2/22/2021. | The parties shall file all pre-trial motions, including motions for summary judgment, and Daubert motions. |
| 4/23/2021. | The parties shall submit a joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and shall file any motions in limine (other than Daubert motions). |
| 5/26/2021. | Calendar call. The parties shall submit their proposed jury instructions and verdict form jointly. |

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of May 2020.

_____
BRUCE REINHART
United States Magistrate Judge